1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  JAMES M. JOHNSON,                          1:09-cv-01875-OWW-SMS (HC)

10                    Petitioner,             ORDER GRANTING PETITIONER'S
                                              REQUEST TO FILE SURREPLY
11         v.
                                              [Docs. 27 & 28]
12
   MELISSA LEA,                               FINDINGS AND RECOMMENDATION
13                                            REGARDING RESPONDENT'S MOTION TO
                      Respondent.             DISMISS
14
                                        /     [Doc. 11]
15

16         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2254.

18                              BACKGROUND[1]

19         Petitioner is currently in the custody of the California Department of Corrections and

20  Rehabilitation following his conviction of sodomy and four counts of rape and lewd and

21  lascivious acts upon a child.  Petitioner was sentenced to a determinate state prison term of thirty-

22  six years and eight months.

23         On February 19, 2003, the California Court of Appeal, Fifth Appellate District, reversed

24  one of the convictions for lewd and lascivious acts and remanded the matter for re-sentencing.

25  The California Supreme Court denied review on April 30, 2003.

26  ///

27  ————————————————

28         [1] This information is derived from the state court documents lodged by Respondent, which are not subject to
   dispute.

On September 9, 2004, Petitioner was resentenced to a determinate state prison term of twenty-four years.[2]  On October 20, 2005, the California Court of Appeal, Fifth Appellate District, affirmed the conviction.  The California Supreme Court denied review on January 4, 2006.

Thereafter, Petitioner filed twelve pro se state post-conviction collateral petitions challenging the pertinent judgment.  The first petition was filed on July 31, 2006[3], in the Fresno County Superior Court.  The petition was denied on August 11, 2006.

The second petition was filed on September 4, 2006, also in the Fresno County Superior Court.  The petition was denied on September 15, 2006.

The third petition was filed in the California Supreme Court on September 4, 2006, and denied on September 12, 2007.

The fourth petition was filed on September 23, 2006, in the California Court of Appeal, Fifth Appellate District.  The petition was denied on October 5, 2006.

The fifth petition for writ of habeas corpus was filed on October 10, 2006, in the California Supreme Court.  The petition was denied on September 12, 2007.

The sixth petition was filed on May 28, 2007, in the Fresno County Superior Court.   That petition was denied on June 18, 2007.

The seventh petition was filed on December 4, 2007, in the California Court of Appeal, Fifth Appellate District.  The petition was denied on December 14, 2007.

The eighth petition was filed on December 26, 2007, in the California Supreme Court. The petition was denied on June 11, 2008.

///

---

[2] In addition, at resentencing the trial court dismissed two of the rape convictions in light of the United States Supreme Court's decision in Stogner v. California, 539 U.S. 607 (2003), which had been decided in the interim.  (Lodged Doc. No. 5.)

[3] With the exception of the eleventh state petition, all filing dates reflected herein have been given the benefit of the mailbox rule pursuant to Rule 3(d) of the Rules Governing Section 2254 Proceedings.  The first five state petitions do not contain proofs of service, therefore, these actions are considered filed on the date the petitions were signed.  (Lodged Doc. Nos. 9, 11, 13, 15, 17); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003).  The remaining state petitions contain proofs of service and that is the date of filing.  (Lodged Doc. Nos. 19, 21, 23, 25, 27, 30.)

1    The ninth petition was filed on December 8, 2008, in the Fresno County Superior Court.

2    The petition was denied on December 19, 2008.

3    The tenth petition was filed on December 8, 2008, in the Fresno County Superior Court.

4    The petition was denied on January 15, 2009.

5    The eleventh petition was filed on February 17, 2009, in the California Court of Appeal,

6    Fifth Appellate District.  The petition was denied on February 27, 2009.

7    The twelfth petition was filed on March 13, 2009, in the California Supreme Court.  The

8    petition was denied on August 12, 2009.

9    The instant petition for writ of habeas corpus was filed on October 7, 2009.  Respondent

10   filed the instant motion to dismiss on December 28, 2009.  Petitioner filed an opposition on

11   March 30, 2010.  Respondent filed a reply on June 2, 2010.  On June 28, 2010, Petitioner filed a

12   request to file a surreply and the surreply to Respondent's reply.  Although the Federal Rules of

13   Civil Procedure nor the Local Rules of this Court specifically authorize a surreply, in the interests

14   of justice, the Court grants Petitioner's request to file a surreply which will be duly considered

15   herein.

16                                              DISCUSSION

17   A.     Procedural Grounds for Motion to Dismiss

18          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

19   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

20   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

21          The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

22   if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

23   the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

24   (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

25   v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

26   motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

27   (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

28   ///

1  response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

2  Supp. at 1194 & n. 12.

3       In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

4  2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion

5  to dismiss pursuant to its authority under Rule 4.

6  B.     Limitation Period for Filing a Petition for Writ of Habeas Corpus

7       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

8  of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

9  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

10 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118

11 S.Ct. 586 (1997).  The instant petition was filed on October 7, 2009, and thus, it is subject to the

12 provisions of the AEDPA.

13      The AEDPA imposes a one year period of limitation on petitioners seeking to file a

14 federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

15 subdivision (d) reads:

16      (1)  A 1-year period of limitation shall apply to an application for a writ of
        habeas corpus by a person in custody pursuant to the judgment of a State court.
17      The limitation period shall run from the latest of –

18           (A) the date on which the judgment became final by the conclusion of
             direct review or the expiration of the time for seeking such review;
19
20           (B) the date on which the impediment to filing an application created by
             State action in violation of the Constitution or laws of the United States is
21           removed, if the applicant was prevented from filing by such State action;

22           (C) the date on which the constitutional right asserted was initially recognized
             by the Supreme Court, if the right has been newly recognized by the Supreme Court and
23           made retroactively applicable to cases on collateral review; or

24           (D) the date on which the factual predicate of the claim or claims
             presented could have been discovered through the exercise of due diligence.
25
26      (2) The time during which a properly filed application for State post-
        conviction or other collateral review with respect to the pertinent judgment or
27      claim is pending shall not be counted toward any period of limitation under this
        subsection.

28
///

4

///

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, on January 4, 2006, the California Supreme Court denied review of the Court of Appeal's opinion affirming the judgment after resentencing.  Direct review became final ninety days thereafter, on April 4, 2006, when the time for seeking certiorari with the United States Supreme Court expired.  Supreme Court rule 13; <u>Bowen v. Roe</u>, 188 F.3d 1157 (9th Cir. 1999); <u>Smith v. Bowersox</u>, 159 F.3d 345 (8th Cir. 1998).  The one year limitations period began on the following day, April 5, 2006, and absent tolling, was set to expire on April 4, 2007.  <u>See Patterson v. Stewart</u>, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

C.      <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005); <u>Evans v. Chavis</u>, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. <u>Id</u>.

1.      <u>Limitations Period That Expired Prior to Filing of First State Petition</u>

At the time Petitioner filed the first state petition on July 31, 2006, 117 days of the limitations had expired. <u>See</u> <u>Nino v. Galaza</u>, 183 F.3d at 1006-1007.  Petitioner contends that he

is entitled to one additional day of tolling prior to the commencement of the limitations period. He claims that the first state petition was filed under the mailbox rule on July 30, 2006, and not July 31, 2006. Petitioner is correct the first petition is dated July 30, 2006; however, Petitioner fails to acknowledged that he attached a declaration and a second signature page, both dated July 31, 2006. Therefore, the latest filing date for the first state petition is July 31, 2006, and it defies logic that Petitioner could have submitted the petition to prison officials for mailing prior to that date. As a consequence, 117 days of the limitations period expired prior to filing the first state petition.

     2.  <u>Tolling During Pendency of First State Petition</u>

     Respondent submits that Petitioner is entitled to statutory tolling for the period of time that the first state petition was pending-July 31, 2006 (date first petition filed under mailbox rule) to August 11, 2006 (date first petition was denied). (Lodged Doc. Nos. 9-10.) See <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 414 (2005) (state habeas petitions that met state's filing requirements are properly filed under 28 U.S.C. § 2244(d)(2)). Petitioner contends, based on his argument above, that he is entitled to thirteen days of tolling for the pendency of the first state petition. As stated above, although the first state petition is dated July 30, 2006, both the declaration attached to the petition, and a second signature page, are dated July 31, 2006, and there is no basis for an extra day of tolling. Therefore, the first state petition provides twelve days tolling as it was pending under the mailbox rule from July 31, 2006 through August 11, 2006 (date petition denied).

     3.  <u>No Tolling For Time Period Between Denial of First Petition to Filing of Second Petition</u>

        a.  <u>No Tolling for Filing of Successive Petition/Interests of Comity</u>

     A state application is "pending" between a lower court's denial of relief and filing in a higher court, providing that certain filing requirements are met. <u>Carey v. Saffold</u>, 536 U.S. 214 (2002). The first state petition was denied by the Fresno County Superior Court on August 11, 2006, and the second petition was filed in the Fresno County Superior Court on September 4, 2006. (Lodged Doc. Nos. 10-11.)

1   ///

2       Respondent initially argues that Petitioner is not entitled to tolling because the second

3   petition was successive as it was filed in the same court as the first petition.  (Lodged Doc. Nos.

4   9, 11.)  Respondent is correct.  The first and second petitions were both filed in the Fresno

5   County Superior Court, and Petitioner was not proceeding to a higher level of state court review.

6   See Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).

7   ///

8       In order for statutory tolling for a successive petition, it must first be determined whether

9   the subsequent petition was limited to an elaboration of the facts relating to the claims in the first

10  petition.  Banjo v. Ayers, __ F.3d __, 2010 WL 2403751 *3 (9th Cir. June 17, 2010) (citing Kings

11  v. Roe, 340 F.3d 821, 823.)  "If the petitions are not related, then the subsequent petition

12  constitutes a new round of collateral attack, and the time between them is not tolled." Id. at *3.

13  The first state petition raised an ineffective assistance of trial counsel, whereas the second state

14  petition raised a challenge that the sentence constituted cruel and unusual punishment and he was

15  denied the right to confront witness Charles Young.  In Gaston v. Palmer, 447 F.3d 1165, 1166

16  (9th Cir. 2006), the court declined the benefit of interval tolling where the later petition

17  commenced a new round that raised unrelated claims.  Thus, there is no tolling for the interval

18  between sets of state habeas petitions if the later petition constitutes a "new round" of collateral

19  review.  Hemmerle v. Schriro, 495 F.3d 1069, 1075 (9th Cir. 2007) (disallowing tolling between

20  separate series of collateral review); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003)

21  (finding a case continues to "pend" only with a particular post-conviction application); Smith v.

22  Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (same).  Therefore, inasmuch as the second state

23  petition commenced a new round of challenges, there is no entitlement to interval tolling.[4]

24  _____

25      [4] Respondent correctly submits that the second state petition was file stamped September 11, 2006, and third state petition was file stamped September 12, 2006.  However, both the second and third state petitions were

26  filed under the mailbox rule on the same date, September 4, 2006.  Therefore, it is arguable that the listing of the second and third state petitions should be reversed.  However, even if the third state petition was to be considered

27  filed second, interval tolling is still not available.  The third state petition asserted only sentencing error, which is different from the claims raised in the first and second petitions.  Thus, even if the filing order of the second and

28  third petitions is reversed, interval tolling is still not available because the third state petition constitutes a new round of review.

///

Petitioner argues that the interests of comity required that he bring his new claims in a successive superior court petition before he could proceed to the California Court of Appeal and California Supreme Court.  He claims the first and second state petitions were part of one continuous round of challenges and interval tolling is available from the time the first petition was denied to the filing of the second petition.  Petitioner's claim is not persuasive.

Although a prisoner is required to exhaust the available state remedies, there is no automatic entitlement to tolling under the AEDPA for the time period in which it takes to exhaust the state remedies.  Rather, under clearly established law, tolling is granted only for the pendency of properly filed, timely state post-conviction petitions.  In this instance, the errors of which Petitioner presents in his first and second state petitions were apparent to him at the time of the trial, which ended on November 14, 2001, and could have been presented any time thereafter.  Indeed, Petitioner had, with applicable tolling, 942 days from finality of direct review to exhaust the state remedies and file a timely federal petition.  If Petitioner filed the second petition in the superior court to exhaust his claims, including the claims in the first state petition, it does not further his claim that he dropped those same claims and presented entirely different claims when he filed the third state petition in the California Supreme Court.  Therefore, there is no basis for tolling the period between the denial of the first petition and the filing of the second petition based on the requirement to exhaust his available state remedies.

In any event, even if tolling were available for the successive second state petition, it would only add twenty-three days, and the instant petition would still be untimely.  Even providing Petitioner the best-case-scenario, the limitations period would be tolled an additional twenty-three days, to November 24, 2008.  The ninth through twelfth state petitions were still filed after the limitations period expired and the instant petition is still untimely because it was not filed until October 26, 2009-almost a year after.

    b.    Later Start of Limitations Period under Section 2244(d)(1)(D)

Petitioner contends that he is entitled to a later start of the limitations period under section 2244(d)(1)(D)'s newly discovered evidence provision because he did not learn of the factual

8

1   predicate of his claims until approximately September 4, 2006, and the instant petition is timely.

2       Section 2244(d)(1)(D) provides that the limitations period runs from the date on which

3   the factual predicate of the claim or claims presented could have been discovered through the

4   exercise of due diligence.  With respect to a claim of newly-discovered evidence, the limitations

5   period begins to run when the petitioner discovers the factual predicate of the claims and not

6   from the discovery of evidence later found to support such claims.  Flanagan v. Johnson, 154

7   F.3d 196, 199 (5th Cir. 1998); Sorce v. Artuz, 73 F.Supp.2d 292, 294-295 (E.D.N.Y. 1999).  In

8   addition, the limitations period commences when the factual predicate is known and not when its

9   legal significance is discovered.  Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

10  Petitioner bears the burden of demonstrating the exercise of due diligence in discovering the

11  factual predicate of his claims.  McCleskey v. Zant, 499 U.S. 467, 498 (1991); Woratzeck v.

12  Stewart, 118 F.3d 648, 651 (9th Cir. 1997); Williams v. Calderon, 83 F.3d 281, 286 (9th Cir.

13  1996).

14      Petitioner argues that he submitted his second petition on September 4, 2006 after he

15  discovered the claims by his continuous research of constitutional claims in the prison law

16  library-which supports the finding he exercised due diligence.

17      In the second petition, Petitioner asserted that the sentence imposed by the trial judge was

18  cruel and unusual because it was based on the trial judge's personal observations.  More

19  specifically, he claims the judge improperly compared the testimony concerning the victims

20  having been counseled at ages one and four for an unrelated previous sexual assault to how he

21  would expect his own three-year-old granddaughter to have responded at such a young age.

22  Contrary to Petitioner, this claim was previously presented in the first state petition, and

23  Petitioner is not entitled to a later trigger date as the claim had already been presented.

24      In the second claim of the second state petition, Petitioner contends the trial court

25  violated his rights by not allowing him to cross-examine of the victim's father, Charles Young,

26  regarding statements Mr. Young made to the prosecutor.  Petitioner alleged that Mr. Young

27  informed the prosecutor that he bragged at work about sexually abusing the victims.  Petitioner

28  presented this claim for the first time in the second petition.  As this claim is based on errors that

9

took place during the trial, it appears that Petitioner could and should have been aware of the

factual predicate of this claim at the time of trial.

Petitioner also argues in the second petition that his appellate counsel was ineffective for

failing to argue the first and second grounds outlined above.  For the same reasons discussed

above, these claims were known to Petitioner well before the filing of the second state petition.

Nowhere does Petitioner indicate that he did not receive his file after his appeal and he was

surely  aware of the arguments presented on appeal.  Petitioner cannot now claim that he only

learned of appellate counsel's alleged omissions at the time he filed the second state petition.

Petitioner has not meet the requisite burden required for a later trigger date under section

2244(d)(1)(D).  In sum, Petitioner knew of the factual predicate for these claims well before he

filed the second state petition, and the fact that he may have later discovered the legal

significance of such claims is irrelevant.  <u>Hasan v. Galaza</u>, 254 F.3d at 1154 n.3.

In any event, even if Petitioner could demonstrate entitlement to a later trigger date based

on when he learned of the legal significance regarding the alleged "new evidence," Petitioner has

not demonstrated the requisite due diligence.  Petitioner has made no showing why he could not

have discovered the legal significance of the factual predicate for the claims in the second

petition, as he did with the claims presented in the first state petition.  By filing the first state

petition, it is clear Petitioner had access to the law library and had conducted a thorough review

and investigation into his underlying criminal proceedings, and he could have presented the

claims raised in the second petition at the time he filed the first state petition.  This is particularly

so, given that the alleged errors raised in the second petition occurred at the time of his original

sentencing in November 2001, or during the pendency of his direct appeal, and Petitioner had

approximately four years to develop his claims before filing his first state petition.  For all these

reasons, Petitioner has failed to demonstrate that he conducted a reasonable or diligent

investigation to warrant entitlement to a later trigger date of the limitations period under section

2244(d)(1)(D).

4.  <u>Tolling For The Pendency of The Second And Third Petitions</u>

Both Petitioner's second and third state petitions were filed under the mailbox rule on

September 4, 2006.  However, the third petition was denied last on September 12, 2007.

(Lodged Doc. Nos. 11-14.)  Petitioner is entitled to following for the time that these two petitions

were pending-September 4, 2006 (date of filing) to September 12, 2007 (date of denial).  (Id.)

See Pace v. DiGuglielmo, 544 U.S. at 414.

>    5.   No Tolling During Pendency of Fourth Through Sixth State Petitions/Filing of Fifth
>         State Petition Did Not Trigger Later Start of Limitations Period

Petitioner contends that the limitations period did not commence until he filed the fifth

state petition on October 10, 2006, because he was entitled to a later trigger date under section

2244(d)(1)(D)'s newly discovered evidence provision.  Petitioner argues that Respondent

improperly relied on In re Clark, 5 Cal.4th 750 (1993), in arguing the fifth petition was untimely

filed.  Petitioner contends that because the California Supreme Court took eleven months to rule

on the fifth petition after it was filed, the Court must have reached the merits of the petition.  He

also contends the court's reliance on Clark in denying the fifth petition does not impose an

enforceable procedural bar to federal review because California's timeliness standard is not

adequate and consistently applied.

First, the fourth through sixth petitions were pending from September 23, 2006 through

June 18, 2007, and overlapped the pendency of the third petition (see above) for which Petitioner

has already received the benefit of statutory tolling.  Therefore, no further statutory tolling is

available.

In any event, Petitioner's claim that he did not discover the factual predicate for the claim

in the fifth petition until it was filed under the mailbox rule on October 10, 2006, is clearly

without merit.  Respondent correctly points out that the claims in the fifth petition are identical to

those raised in the second state petition filed on September 4, 2006, and it therefore follows that

he was well aware of the factual predicate for these claims at the time second petition was filed.

In addition, contrary to Petitioner's claim, Respondent did not rely on the look through

doctrine in Ylst, as support that the fifth petition was not timely filed.  Petitioner presented the

second California Supreme Court petition (the fifth state petition), one month after he filed the

first California Supreme Court petition.  The court ruled on both petitions the same day.

1  Because Petitioner filed the second California Supreme Court petition a month after the

2  filing of the first petition in that Court, it logically follows that the supreme court found that he

3  failed to present all known claims in a single timely petition, and the court's citation to <u>Clark</u>

4  supports such finding.  As explained above, the factual predicate of the claims of the fifth state

5  petition (the second California Supreme Court habeas petition), were known to him, respectively,

6  during trial proceedings and on direct review.  Furthermore, Petitioner did not indicate in his

7  second California Supreme Court petition that the claims were newly discovered.  As a

8  consequence, it is nonsensical to conclude that the California Supreme Court's citation to <u>Clark</u>

9  points to any other finding.

10  There is no merit to Petitioner's claim that the fifth state petition was not improperly filed

11  because <u>In re Clark</u> is not an adequate state procedural rule.  In <u>Zepeda v. Walker</u>, 581 F.3d 1013,

12  1018 (9th Cir. 2009), the court held that a condition to filing does not need to be firmly

13  established or regularly followed before noncompliance will render the petition improperly filed

14  for AEDPA tolling.  The law concerning procedural bars is "irrelevant" to the issue of statutory

15  tolling.  <u>See also</u> <u>White v. Martel</u>, 601 F.3d 882, 884 (9th Cir. 2010) ("the adequacy analysis

16  used to decide procedural default issues is inapplicable to the issue of whether a state petition

17  was 'properly filed' for purposes of § 2244(d)(2).").

18        6.  <u>No Tolling For Time Proceeding Filing of Seventh Petition</u>

19  Petitioner argues that the filing of the seventh state petition did not commence a new

20  round of challenges because it was part of the same round of challenges as the third state petition.

21  He further claims that Respondent incorrectly interpreted and relied on the ruling in <u>Carey v.</u>

22  <u>Saffold</u>, 536 U.S. at 214 and <u>Evans v. Chavis</u>, 546 U.S. 189, 197 (2006), and such authority is

23  not binding precedent.

24  As previously stated, a state application is pending between the lower court's denial and

25  the filing at the next highest court only if the filing in the higher court is timely under state law.

26  <u>Carey v. Saffold</u>, 536 U.S. at 214.  In this instance, Petitioner delayed eighty-two days from the

27  date the third petition was denied-September 12, 2007 through December 4, 2007 (date seventh

28  petition filed).  Petitioner claims that <u>Saffold</u> does not render an application no longer pending if

the petitioner unjustifiably delays over sixty days after the denial of the prior petition before filing at the next appellate level.  Petitioner is mistaken.

It is clearly established law that, in the absence of a ruling from the state court, the federal court must decide for itself whether a state habeas petition in a California appellate court was filed "within what California would consider a 'reasonable time.'" Evans v. Chavis, 546 U.S. at 198.   The Court further clarified the Court's analysis:

> [I]n doing so, the [Ninth] Circuit must keep in mind that, in *Saffold*, we held that timely filings in California (as elsewhere) fell within the federal tolling provision on the assumption that California law in this respect did not differ significantly from the law of other States, i.e., that California's "reasonable time" standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules. [Citation.]

Id. at 199.  In Chavis, there was an unjustified delay of at least six months before filing a habeas petition at the next appellate level-the California Supreme Court.  "Six months," said the Court, "is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. [Citation]."  Id.  In light of the Supreme Court's reasoning in Evans v. Chavis, 126 S.Ct. 846 (2006), this Court must find that Petitioner is not entitled to tolling for the 82 days between the delay of the third petition and the filing of the seventh petition.  The delay is greater than the short period of time of 30 to 60 days provided by most States for filing an appeal and is therefore unreasonable.  Chavis, 546 U.S. at 201.  Furthermore, several other district courts have held in a similar, or shorter, period of time is not reasonable under California law.  See e.g. Bayaird v. Cate, 2010 WL 1339617, * 4 (E.D. Cal. 2010) (finding interval tolling of 67 days was unreasonable); Livermore v. Watson, 556 F.Supp.2d 1112, 1117-1120 (E.D. Cal. 2008) (court reasoned that only gaps of 0 to 60 days fall within the scope of the term "pending" under the AEDPA's tolling provision) ; Hunt v. Felker, 2008 WL 364995, *4 (E.D. Cal. 2008) (finding a delay of 70 days was unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007) (88 day delay unreasonable); Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-41 (C.D. Cal. 2006) (finding delays of 97 and 71 days unreasonable).

Respondent correctly argues that although the sixth and seventh state petitions were part

of the same round as the third state petition and were in sequential order of filing, the determination of whether interval tolling is allowed must be calculated based on the time that expired between the denial of the third state petition and the filing of the seventh state petition. The fact the seventh petition was part of the same round of challenges as the sixth state petition does not change the fact that a new round of challenges commenced after the third state petition was denied.  Moreover, a new round of challenges also commenced after the fifth state petition was denied, and the seventh petition was not filed until after two previous rounds of challenges had concluded.  There is no merit to Petitioner's claim.

> 7.  No Interval Tolling Between Denial of Eighth State Petition and Filing of Ninth State Petition

Respondent argues that Petitioner is not entitled to interval tolling between the denial of the eighth state petition and the filing of the ninth state petition.

Petitioner concedes that he is not entitled to interval tolling for the period of between the denial of the eighth state petition on June 1, 2008, and the filing of the ninth state petition on December 8, 2008; however, he does so on different grounds than argued by Respondent, which are more appropriately addressed below under equitable tolling.  Petitioner also claims in conclusory terms that the statute of limitations did not commence until the filing of the ninth petition on December 8, 2008.  Petitioner is mistaken.

Petitioner has not alleged that the factual predicate of the claims presented in the ninth state petition were only discoverable after the exercise of reasonable diligence on December 8, 2008.  Thus, because Petitioner has not demonstrated that he could not have discovered the factual basis of those claims earlier through a diligent investigation, there is no basis to find that the limitations period did not commence until December 8, 2008.

> 8.  No Statutory Tolling for Ninth Through Twelfth State Petitions

Respondent argues that the earliest of the ninth through twelfth state petitions was not filed until December 8, 2008, over a month after the limitations period expired, and, therefore, these actions do not serve to toll the limitations period.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Respondent is correct.

1   ///

2   ///

3       However, Petitioner contends that the rulings on the ninth through twelfth state petitions

4   are ambiguous because it is not clear if the citations to In re Clark and In re Robbins stood for the

5   proposition that the petitions were untimely.

6       Even if the timeliness of the instant petition was dependent on whether the state courts

7   found the ninth through twelfth state petitions timely and properly filed, it is clear in this instance

8   that the state courts found the petitions untimely.  The state court denied the ninth petition with

9   citation to In re Clark, 5 Cal.4th at 765-766.  The specific pages of the Clark opinion discuss the

10  obligation that prisoners must raise all claims in a single petition as promptly as possible under

11  the circumstances, and that all claims that could have been, but were not, raised in a timely

12  appeal will not be considered.  Moreover, in denying the ninth state petition, the superior court

13  specifically stated:

14          Also, petitioner has not offered an adequate explanation for his delay in seeking
        habeas relief.  A petition for writ of habeas corpus must explain any substantial
15      delay in seeking the writ.  (In re Stankewitz (1985) 40 Cal.3d 391, 396, fn. 1.)
        Here, petitioner was convicted in August of 2001.  The Court of Appeal reversed
16      the conviction on one of his charges but upheld the others in May of 2003, and
        petitioner was resentenced in September of 2004.  However, petitioner did not file
17      his petition for writ of habeas corpus until December of 2008.  Petitioner claims
        that the delay was due to the ineffectiveness of his appellate counsel, yet he offers
18      no facts to explain how his appellate counsel prevented him from filing the
        petition for five years after the completion of his appeal.  Therefore, petitioner has
19      no [sic] adequately explained his excessive delay in filing his petition, and the
        petition is untimely.
20

21  (Lodged Doc. 26.)  Thus, there is no question that the ninth state petition was denied by the

    superior court as untimely.
22

23      In denying the tenth state petition, the superior court found it to be duplicative of a

24  previous petition filed in that same court.  The court specifically stated that the "new petition

    cites no new facts or law that would cause the court to reconsider its decision denying the
25
    previous petition" and cited to In re Clark, 5 Cal.4th at 767-768.  Therefore, the superior court
26
    obviously found the tenth state petition to be untimely filed for the reasons as the ninth petition.
27

28      The state court of appeal denied the eleventh state petition without comment or citation.

1   In such instances, this Court must "look through" the unexplained denial to the last reasoned

2   decision as the basis for the court's judgment.  Therefore, it is presumed that the appellate court

3   looked through to the reasoning of the state superior court in denying the tenth state petition and

4   found it to be unjustifiably delayed and successive.

5           Lastly, in denying the twelfth state petition, the California Supreme Court cited In re

6   Robbins, 18 Cal.4th 770, 780 (1998) and In re Clark, 5 Cal.4th at 750.  It is clear under present

7   authority that a citation to Robbins is an explicit ruling that the petition is untimely.  See Thorson

8   v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007).

9   D.      Equitable Tolling

10          The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

11  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

12  stood in his way." Holland v. Florida, __ S.Ct. __, 2010 WL 2346549 *9, 12 (June 14, 2010);

13  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Petitioner bears the burden of alleging facts that

14  would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002);

15  Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

16          Petitioner claims that he did not learn of the California Supreme Court's June 11, 2008,

17  denial of his eighth state petition until November 26, 2008.  Petitioner contends that he notified

18  the California Supreme Court on October 2, 2008, that he was transferred to an out-of-state

19  prison facility at the end of September 2008, and it was at that time the court notified him the

20  petition had been denied on June 11, 2008.[5]

21          In order to succeed with a claim for equitable tolling based on the failure to receive notice

22  of the court's ruling, Petitioner must demonstrate that he diligently attempted to ascertain the

23  status of the court's order and that the delay in receiving the ruling actually prevented him from

24  filing a timely federal petition.

25  
26          [5] In support of his claim, Petitioner attaches a copy of his legal mail log.  However, the log does not reflect
    any communication by Petitioner with the California Supreme Court between June 11, 2008 (the date the petition
27  was denied) and October 2, 2008 (the date he mailed the notice of change of address.  It also reflects that he had no
    incoming or outgoing legal mail between April 2, 2008 and October 2, 2008.  In addition, the two mail logs are from
28  two different institutions, and one log cuts off on April 2, 2008, and the other log recommences on October 2, 2008.
    The Court is skeptical as to whether these mail logs are a true and accurate reflection of his mail activity.

1    Petitioner filed the eighth state petition on December 26, 2007, and it was denied six

2    months later on June 11, 2008.  Although Petitioner may have notified the court of his change of

3    address on October 8, 2008, he did not request a copy of the court's ruling until November 24,

4    2008-almost a year after it was initially filed.  By delaying eleven months after the petition was

5    initially filed to inquire into the status of the petition fails to demonstrate requisite diligence.

6    Furthermore, Petitioner has failed to demonstrate that the delay in receiving the denial of

7    the eighth state petition was the actual cause of his untimely federal petition.  The eighth petition

8    raised completely different claims from those presented in the ninth state petition.[6]  Therefore,

9    there is no basis to find that Petitioner had to wait for the ruling by the California Supreme Court

10   on the eighth state petition before presenting the ninth state petition raising completely different

11   claims commencing a new round of review.  Consequently, because "equity is not intended for

12   those who sleep on their rights" Petitioner's delay of almost one year in inquiring of the status

13   prevents him from receiving the benefit of equitable relief.  Irwin v. Dep't of Veterans Affairs,

14   498 U.S. 89, 96 (1990).

15   In any event, even if equitable tolling were granted for the 168-day period of time

16   between June 11, 2008 and November 26, 2008, the instant petition remains untimely.  With the

17   benefit of the best-case scenario explained above in argument three, the limitations period was

18   set to expire on November 24, 2008.  With the benefit of an additional 168 days of tolling, the

19   limitations period would be extended from November 24, 2008, to May 11, 2009.  The ninth

20   through twelfth state petitions would still not provide tolling because, as explained below, they

21   were improperly filed.  Thus, the instant petition filed on October 26, 2009, would still be

22   untimely by over six months.

23   E.    Procedural Basis to File Motion to Dismiss

24   Petitioner contends that this Court's October 28, 2009, order, directed Respondent to file

25   an answer if there was an argument that the federal claims are procedurally defaulted.  Petitioner

26

27   [6] The eighth state petition raised sentencing error issues under Blakely v. Washington, 542 U.S. 296 (2004)
     and Cunningham v. California, 549 U.S. 270 (2007).  Whereas, in the ninth petition, Petitioner alleged that he was

28   actually innocent, there was no probable cause to arrest him, he was denied the right to confront the victims' father
     Charles Young, the trial court erred by not admitting into evidence the results of Petitioner' polygraph test,

17

is mistaken.  The Court's order directed that Respondent file a response to the Petition by either filing an answer or motion to dismiss.  Although the order indicated that an argument by Respondent that Petitioner had "procedurally defaulted" a claim should be made in an answer. Respondent properly filed a timely motion to dismiss pursuant to the October 28, 2009, order, and any argument regarding procedural default was properly reinforced in relation to the timeliness issue raised in the motion to dismiss.

ORDER

Based on the foregoing, it is HEREBY ORDERED that Petitioner's motion to file a surreply is GRANTED.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss the instant petition as untimely be GRANTED; and

2.  The Clerk of Court be directed to dismiss this action with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    July 13, 2010              /s/ Sandra M. Snyder          **
                                UNITED STATES MAGISTRATE JUDGE